UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MOHAMMED SAADALDEEN AL AMILI, A# 209 266 607,<br><br>  10515 Angeline Springs Ln<br>  Cypress, TX<br><br>NOOR S. AL HAKEEM, A# 209 266 612,<br><br>  10515 Angeline Springs Ln<br>  Cypress, TX<br><br>AMMAR M. AL AMILI, A# 209 266 613,<br><br>  10515 Angeline Springs Ln<br>  Cypress, TX<br><br>YASIR M. AL AMILI, A# 209 266 614,<br><br>  10515 Angeline Springs Ln<br>  Cypress, TX<br><br>  Plaintiffs,<br><br>vs.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services;<br><br>Serve:  U.S. Citizenship & Immigration<br>         Services<br>         5900 Capital Gateway Dr<br>         Camp Springs, MD 20588<br><br>and, | Case No. 8:22-cv-698 |

ROBERT L. DAUM, Director of the Houston Asylum Office, U.S. Citizenship and Immigration Services;

Serve:  Robert L. Daum
        Houston Asylum Office
        16630 Imperial Valley Drive
        Houston, TX 77060

Defendants.

# COMPLAINT

Plaintiffs Mohammed Saadaldeen Al Amili, Noor S. Al Hakeem, Ammar M. Al Amili and Yasir M. Al Amili, assert this cause of action against Defendants United States Citizenship and Immigration Services, Ur Mendoza Jaddou and Robert L. Daum in their official capacities as follows:

## JURISDICTION AND VENUE

1. This is a civil action brought to compel Defendants, and those acting under them, to adjudicate Plaintiffs' long pending Application for Asylum and for Withholding of Removal (Form I-589).

2. As the Defendants have failed to undertake their mandatory duty to render a decision on this Application after an extreme delay, Plaintiffs seek a writ of mandamus from this Honorable Court compelling Defendants to adjudicate Plaintiffs' Application. 28 U.S.C. § 1361 (West 2010).

3. Further, Plaintiffs seek to compel Defendants to adjudicate the Application, pursuant to the Administrative Procedures Act ("APA") because Defendants have "unlawfully withheld or unreasonably delayed" the adjudication of this Application. 5 U.S.C. § 706(1) (West 2010).

4. The jurisdiction of this Court is invoked pursuant to 8 U.S.C. § 1447(b) (West 2010), 28 U.S.C. § 1361 (West 2010) and 28 U.S.C. § 1331 (West 2010).

5. Venue is properly in this Court because each of the Defendants maintain offices in this district. Therefore, venue is proper under 28 U.S.C. § 1391(e)(2) (West 2010).

## PARTIES

6. Plaintiffs Mohammed Saadaldeen Al Amili, Noor S. Al Hakeem, Ammar M. Al Amili and Yasir M. Al Amili, are citizens of Iraq.

7. Plaintiffs are in the United States in lawful status and are in the process of applying for asylum in the United States.

8. Plaintiffs live in in Cypress, TX.

9. On October 07, 2016, Plaintiff Mohammed Saadaldeen Al Amili filed an application for asylum for him and for Noor S. Al Hakeem, Ammar M. Al Amili and Yasir M. Al Amili, as derivatives.

10. Plaintiffs successfully completed their biometrics subsequent to filing his application.

11. Since then, the Defendants have taken no action on the pending asylum application.

12. Defendant United States Citizenship and Immigration Services (hereinafter sometimes referred to as "the USCIS") is the component of the DHS that is assigned the task of adjudicating applications for asylum status under § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255 (West 2010).

13. Defendant Ur Mendoza Jaddou is the Director of the USCIS and is sued only in an official capacity, as well as his successors and assigns. The USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, DC 20529. The USCIS is assigned the task of

adjudicating applications for asylum status under § 245 of the Immigration and Nationality Act (INA), 8 U.S.C. § 1255 (West 2010).

14. Defendant Robert L. Daum is the Director of the USCIS Houston Asylum Office and is sued only in an official capacity, as well as any successors and assigns.

15. The USCIS, through the Houston Asylum Office, has a mandatory duty to act on applications for asylum within a reasonable period.

16. The Houston Asylum Office is responsible for claims of asylum filed by people living in Cypress, TX, including Plaintiffs and, upon information and belief, the case is currently being held at the Houston Asylum Office.

## ASYLUM PROCESS

17. Federal immigration law allows persons who are physically present in the United States to apply for asylum, withholding of removal and protection under the Convention against Torture.

18. To prevail on an asylum claim, an applicant must demonstrate that she cannot return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A); see also 8 U.S.C. § 1158(b)(1)(A).

19. Those who are granted asylum in the United States may not be removed to the country in which they face persecution. 8 U.S.C. § 1158(c)(1)(A).

20. In addition, asylees may file a petition to accord their spouse and/or children derivative asylum status. 8 C.F.R. § 208.21(a).

21. After they have held that status for at least one year, asylees may adjust their status to that of a lawful permanent resident. 8 U.S.C. § 1159(b).

22. After an asylum case is filed, the proposed beneficiary is fingerprinted and a background check is completed.

23. The asylum applicant is eventually scheduled for an interview by the responsible asylum office.

24. A decision is then rendered on whether the person has a credible fear of persecution and asylum is accordingly granted or denied.

### PLAINTIFF'S ASYLUM CASE
### UNREASONABLY DELAYED

25. On or about October 07, 2016, Plaintiffs filed an I-589 application for asylum, withholding and CAT protection with the Defendants. USCIS sent a receipt notice on the case to Plaintiffs after assigning a case number, Receipt Number ZHN1600097240.

26. As part of the application process, USCIS obtained Plaintiffs' fingerprints and conducted a background check.

27. USCIS has not decided Plaintiffs' asylum case.

28. Plaintiffs have made numerous attempts to contact USCIS to find out the status of his application, but to no avail.

29. As of the date of this Complaint, Plaintiffs have not received information as to if or when the I-589 application would be adjudicated.

30. Plaintiffs seek only what the law provides, which is a final decision on his asylum application within the reasonable timelines required by law.

31. Plaintiffs are unable to resolve this matter through administrative channels or otherwise, and mandamus and APA relief are the only viable means of obtaining the adjudication of Plaintiffs' pending matters.

32. Plaintiffs have made numerous attempts to get a final decision but to no avail.

33. Defendants' delay in adjudicating Plaintiffs' I-589 Application is unreasonable in relation to their stated processing times for like applications.

34. The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(l) (West 2010).

35. Mandamus is a remedy available for extreme agency delay where the agency has not performed a mandatory action. 28 U.S.C. § 1361 (West 2010).

36. Defendants have unreasonably delayed and failed to perform a mandatory action in adjudicating Plaintiffs' application.

37. Defendants owe Plaintiffs the duty to act upon their application for asylum and have unreasonably failed to perform these duties.

38. Upon information and belief, USCIS has refused to adjudicate Plaintiffs' application in accordance with applicable legal criteria. Instead, USCIS has applied different rules under a policy known as the Controlled Application Review and Resolution Program ("CARRP"), which has resulted in the agency refusing to adjudicate Plaintiffs' application.

39. Since 2008, USCIS has used CARRP—an internal policy that has neither been approved by Congress nor subjected to public notice and comment—to investigate and adjudicate applications deemed to present potential "national security concerns."

40. CARRP prohibits USCIS field officers from approving any application with a potential "national security concern," instead directing officers to deny the application or delay adjudication—often indefinitely—in violation of the INA.

41. CARRP's definition of "national security concern" is far more expansive than the security-related ineligibility criteria for immigration applications set forth by Congress in the INA.

42. CARRP identifies "national security concerns" based on deeply-flawed and expansive government watchlists, and other vague and imprecise criteria that bear no relation to the security-related statutory ineligibility criteria.

43. The CARRP definition illegally brands innocent, law-abiding residents, like Plaintiff, who does not pose a security threat, as "national security concerns" on account of innocuous activity and associations, innuendo, suppositions and characteristics such as national origin.

44. Although the total number of people subject to CARRP is not known, USCIS data reveals that between FY2008 and FY2012, more than 19,000 people from twenty-one Muslim-majority countries or regions were subjected to CARRP.

45. CARRP unfairly and illegally targets individuals from Muslim-majority countries for increased and unlawful scrutiny.

46. Due to CARRP, USCIS has not adjudicated Plaintiffs' application, as the law requires.

47. Although USCIS has thus far prevented Plaintiffs from receiving asylum in the U.S., the Defendants have not notified Plaintiffs that they consider them to be a potential "national security concern," provided the reasons why they have classified them in this way or afforded him any opportunity to address and correct any basis for USCIS's concerns.

48. Plaintiffs therefore request that the Court enjoin USCIS from applying CARRP to his immigration application and declare that CARRP violates the INA; the Due Process Clause of the Fifth Amendment to the U.S. Constitution; and the Administrative Procedure Act ("APA").

WHEREFORE, Plaintiffs pray that the Court:

      a.      Enter a judgment declaring that (a) CARRP violates the INA and its implementing regulations; the Fifth Amendment to the United States Constitution; and the APA; and (b) Defendants violated the APA by adopting CARRP without promulgating a rule and following the process for notice and comment by the public;

      b.      Enjoin Defendants, their subordinates, agents, employees, and all others acting in concert with them from applying CARRP to the processing and adjudication of Plaintiff's immigration benefit applications;

      c.      Order Defendants to rescind CARRP because they failed to follow the process for notice and comment by the public;

      d.      Compel Defendants and those acting under them to perform their duties owed to Plaintiffs by adjudicating the Application;

      e.      Grant attorney's fees, costs of court and all further relief available to Plaintiffs under the Equal Access to Justice Act, 5 U.S.C. § 504 (West 2010); and

      f.      Grant such other and further relief as this Court deems proper under the circumstances.

RESPECTFULLY SUBMITTED
This March 22, 2022

*/s/ James O. Hacking, III*
James O. Hacking, III
MO Bar # 46728
Hacking Immigration Law, LLC
10900 Manchester Rd., Suite 203
Kirkwood, MO 63122
(O) 314.961.8200
(F) 314.961.8201
(E) jim@hackingimmigrationlaw.com

**ATTORNEYS FOR PLAINTIFFS**